Luis Guillermo **DELGADO RAMIREZ,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–70167.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 22, 2007.

Chung N. Phang, Oakland, CA, for Petitioner.

Cynitha M. Ferguson, U.S. Department of Justice Environment and Natural Resources Div., Regina Byrd, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Luis Guillermo Delgado Ramirez, a native and citizen of Colombia, petitions for review of an order of the Board of Immigration Appeals summarily affirming an Immigration Judge's ("IJ") denial of his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006), we deny the petition in part, grant in part, and remand.

Delgado Ramirez relies on numerous incidents surrounding an ongoing dispute with the businesses across from his home and with the city government as evidence of past persecution. We are not persuaded. Substantial evidence supports the finding that any mistreatment Delgado Ramirez suffered was not based on a protected ground. *See Ochave v. INS,* 254 F.3d 859, 865–67 (9th Cir.2001) (requiring an alien to establish a nexus between alleged persecution and a protected ground).

Therefore, even assuming Delgado Ramirez was credible, substantial evidence supports the determination that he failed to present sufficient evidence to establish eligibility for asylum. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Delgado Ramirez failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Because Delgado Ramirez's opening brief does not address the IJ's ruling on his claim regarding protection under the CAT, we deem this claim waived. *See Maharaj v. Gonzales,* 450 F.3d 961, 967 (9th Cir.2006) (en banc).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and REMANDED.**